UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICARDO K. STUBBS,<br><br>Plaintiff,<br><br>v.<br><br>TALESHA JACKSON,<br><br>Defendant. | Case No. 24-cv-10129<br>Honorable Susan K. DeClercq<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION TO APPOINT COUNSEL
(ECF NO. 47)**

Plaintiff Ricardo K. Stubbs moves for appointment of counsel. ECF No. 47. Under 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Courts seldom appoint counsel in a civil case absent a showing of "exceptional circumstances." *Id*. at 606. Appointment of counsel under § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a

lawyer's expense." *Clarke v. Blais,* 473 F. Supp. 2d 124, 125 (D. Me. 2007). Thus, there must be a showing of "exceptional circumstances." *Lavado*, 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Because courts consider the party's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).

Stubbs makes conclusory arguments that the Michigan Department of Corrections (MDOC) failed to follow its procedures for preserving evidence regarding his claims or deliver some of his legal mail. ECF No. 47, PageID.550-552. Yet he does not explain what evidence MDOC failed to preserve or its relevance to his claims. And although Stubbs claims that he did not receive copies of the Court's report and recommendation (R&R) or the order adopting it, he admits that the Court mailed him copies. *Id.*, PageID.552. And he did not move for more time to object to the R&R.

2

Stubbs also seeks counsel to assist in discovery, claiming that Jackson never responded to his discovery requests. *Id.*, PageID.555-559. As described in the order denying Stubbs's motion to compel, his discovery requests were untimely, thus relieving Jackson from her obligation to respond. *See* ECF No. 42. And Stubbs did not move for appointment of counsel until discovery had already closed. While Stubbs also contends that he lacks the legal training necessary to address the merits of the case, he has shown that he is competent to proceed pro se. His filings are easily understood, with clear arguments, citations to authority, and exhibits in support. *See* ECF No. 21; ECF No. 38; ECF No. 47. For these reasons, Stubbs's request to appoint counsel is **DENIED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 12, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a**

**magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 12, 2025.

                                                  s/Davon Allen  
                                                  DAVON ALLEN  
                                                  Case Manager